<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 29, 2025

Wendy Chiapaikeo, Esq.
Ballard Spahr LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
*Counsel for Plaintiff*

Steven W. Block, Esq.
Ballard Spahr LLP
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
*Counsel for Plaintiff*

William E. Lakis, Esq.
Lakis Law Offices, PC
145 N Franklin Tpke, Suite 122
Ramsey, NJ 07446
*Counsel for Defendant*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

Re:  *Automec, Inc. v. STG Logistics, Inc.*, Civ. No. 24-00728 (SDW) (AME)

Counsel:

Before this Court is Plaintiff Automec, Inc.'s ("Plaintiff") Motion to Amend this Court's Order, entered on September 2, 2025 (D.E. 44), granting summary judgment in Plaintiff's favor in the amount of $112,636.44, to include pre-judgment and post-judgment interest.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons set forth herein, Plaintiff's Motion is **GRANTED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

     The parties are presumed to be familiar with this matter and may refer to this Court's prior summary judgment opinion and order for a summary of the factual background. (D.E. 43, D.E. 44.) Plaintiff filed the Motion presently before this Court on September 26, 2025. (D.E. 46 ("Mot.")) Defendant opposed on October 6, 2025 (D.E. 48 ("Opp."), D.E. 49 ("Am. Opp."), and Plaintiff replied on October 13, 2025 (D.E. 51 ("Reply")).

## II.    LEGAL STANDARD

     A motion to alter or amend a judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure ("Rule") and Local Civil Rule ("Local Rule") 7.1. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). However, a request for pre-judgment interest is properly brought under Rule 59(e) as a motion to alter or amend the judgment. *See Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 746 (3d Cir. 1990).

## III.    DISCUSSION

     Plaintiff moves for an entry of an order amending this Court's Order entered on September 2, 2025 (D.E. 44), granting summary judgment in Plaintiff's favor in the amount of $112,636.44, to include pre-judgment and post-judgment interest. (D.E. 46). Defendant argues that this Court should not award pre-judgment and post-judgment interest on Plaintiff's negligence claim because Plaintiff's claim is preempted by the Carmack Amendment, 49 U.S.C. § 14706. (D.E. 49.)

     At the outset, this Court finds that Defendant forfeited its Carmack Amendment argument. "[F]orfeiture is the failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993). "[A]n example of [forfeiture] is an inadvertent failure to raise an argument." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). Forfeiture "serves several important judicial interests, protecting litigants from unfair surprise; promoting the finality of judgments and conserving judicial resources; and preventing district courts from being reversed on grounds that were never urged or argued before [them]." *Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009) (cleaned up). As such, the Third Circuit has recently repeatedly emphasized that appellate courts may only "resurrect" forfeited arguments in "extraordinary circumstances." *See United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (citing *Wood v. Milyard*, 566 U.S. 463, 471 (2012)).

     Here, Defendant admits that it failed to raise the issue of preemption by the Carmack Amendment. (Am. Opp. at 2). Additionally, Defendant only made passing references to the Carmack Amendment in its answer and summary judgment opposition (D.E. 7 at ¶ 34, D.E. 35 at

9.) *See e.g.*, *United States v. Dupree*, 617 F.3d 724, 731 (3d Cir. 2010) ("[S]imply citing a case in the District Court is not sufficient to raise all arguments that might flow from it."). Accordingly, Defendant forfeited its Carmack Amendment argument and cannot now attempt to raise it to reargue this Court's summary judgment decision.

This Court also finds that Automec is entitled to pre-judgment and post-judgement interest. In an action based in diversity, the issue of awarding prejudgment interest is a question of state law. *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982). Under New Jersey law, in tort actions pre-judgment interest is awarded as a matter of right as provided by New Jersey Court Rule 4:42-11(b). *George H. Swatek, Inc. v. N. Star Graphics, Inc.*, 246 N.J. Super. 281, 286 (App. Div. 1991). Therefore, Plaintiff is entitled to pre-judgment interest in the amount of $11,239.27 (D.E. 46, Mot. at 4). Next, pursuant to 28 U.S.C. § 1961, "post-judgment interest is awarded by statute as a matter of law." *Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993). Accordingly, Plaintiff is entitled to post-judgment interest.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. An appropriate order follows.

                /s/ Susan D. Wigenton
                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.